# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RINALDO BANKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0990−SMY |
| | ) | |
| VANDALIA CORRECTIONAL CENTER, | ) | |
| and | ) | |
| TRITT | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rinaldo Bankston, currently an inmate at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vandalia Correctional Center ("Vandalia"). Plaintiff requests that Defendant Tritt be removed from his job and that cameras be installed at Vandalia.[1] This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] Since Plaintiff has since transferred institutions, his requests for injunctive relief are moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to summary dismissal.

**The Complaint**

Plaintiff originally filed suit on May 26, 2017 in the Northern District of Illinois. (Doc. 1).[2] On May 30, 2017, the case was ordered transferred into this District, but for reasons that are unclear to the undersigned, the case was not actually transferred until September 14, 2017. (Docs. 5,7).

Plaintiff alleges that on April 20, 2017, he missed the 7:15 pm pill line and was called to the health care unit at 8:00 pm. (Doc. 1, p. 4). While on his way, the Lt. Warden appeared and

---

[2] As of August 25, 2017, Plaintiff has amassed 3 strikes pursuant to 28 U.S.C. § 1915(g), but as this suit was filed prior to the assessment of the third strike, Plaintiff's prior strikes do not act to bar this litigation.

called Plaintiff a "lame ass" and asked Plaintiff why he was late. *Id.* Plaintiff told the Lt. Warden not to speak to him like that. *Id.*

Plaintiff then encountered Defendant Tritt who told Plaintiff to speed up because "he wasn't as nice as the Lt. Warden" and that he would beat Plaintiff and throw him in segregation. *Id.* Plaintiff responded that Tritt would have to halfway kill him and that he hadn't done anything wrong. *Id.* Tritt then took Plaintiff's ID card and said he had something for "you big mouth nigger." (Doc. 1, pp. 4-5). Plaintiff grieved this "verbal assault." (Doc. 1, p. 5). He was later moved to the disciplinary holding unit out of concerns for his safety because he believed the guards were targeting him for asking for more pants. *Id.* Plaintiff has since been transferred out of Vandalia. (Doc. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1** – Tritt violated Plaintiff's rights when he called him a "nigger" and suggested that he would beat and punish Plaintiff if he didn't walk faster.

As an initial matter, Plaintiff has named Vandalia Correctional Center itself as a defendant. Vandalia will be dismissed as an improper defendant. Plaintiff cannot maintain his suit against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh

Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Likewise, Vandalia, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

Turning to the merits of Plaintiff's claim against Defendant Tritt, the claim fails because Plaintiff has no constitutional interest in avoiding the type of "verbal harassment" he describes in the Complaint. While distasteful, allegations of verbal harassment typically state no claim under the Eighth Amendment. *Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (reaffirming that limited verbal harassment states no claim, but noting that in certain circumstances, verbal harassment may rise to the level of cruel and unusual punishment).

*Beal* rejected the "simple" terminology that older cases rejecting claims of verbal harassment had adopted in favor of "'fleeting,' too limited to have an impact." *Id*. at 358. That is what Plaintiff has described here. He has alleged that Tritt subjected him to a single incident of verbal harassment. Plaintiff was not harmed during or after the incident. He has alleged that the incident offended him, but he has not alleged that he was put at heightened risk of harm from other inmates or guards as a result of the verbal harassment.[3]

In contrast, *Beal* involved allegations that the guard had carried on an extended campaign of both verbal and non-verbal harassment that had the effect of implying that the plaintiff was a

---

[3] Plaintiff mentions that he told Sgt. Simmons that he was afraid of the correctional officers because he felt targeted after asking Warden Stephanie Waggoner for more pants, but he has not alleged that he was targeted due to Tritt's comments or alleged that Tritt's comments were connected to the pants request.

homosexual, an insinuation that put him at risk from other inmates. *Id.* Plaintiff's allegations are distinguishable from *Beal* because Plaintiff has not alleged that the verbal harassment was part of a larger pattern. Accordingly, Plaintiff's claim will be dismissed with prejudice.

**Pending Motions**

As this case will be dismissed, Plaintiff's Motion for attorney representation is **DENIED** as **MOOT.** (Doc. 4).

**Disposition**

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** as legally frivolous. Plaintiff's Motion for attorney representation is **DENIED** as moot. (Doc. 4). Plaintiff shall be assessed a strike pursuant to 28 U.S.C. § 1915(g). This is Plaintiff's fourth strike. Accordingly, if Plaintiff seeks to file any future civil action or appeal a judgment *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit or appeal he may file while incarcerated, or face dismissal of the action.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d

724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to enter judgment and close the case.

 **IT IS SO ORDERED.**

DATED: October 31, 2017

s/ STACI M. YANDLE
**U.S. District Judge**